UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI,<br><br>    Plaintiff,<br><br>    v.<br><br>LEONDRA KRUGER, et al.,<br><br>    Defendants. | Case No. 23-cv-01057-AMO<br><br>**ORDER DISMISSING CASE WITH PREJUDICE; DENYING PENDING MOTIONS AS MOOT**<br><br>Dkt. Nos. 32, 33, 34 |

Currently before the Court are Plaintiff Cyrus Sanai's (1) amended ex parte motion for entry of default judgment, ECF No. 32, (2) ex parte motion for leave to file an overlength motion for default judgment, ECF No. 33, and (3) emergency ex parte motion for temporary restraining order, declaratory judgment, and preliminary injunction, ECF No. 34. For the reasons set forth below, the Court DISMISSES the action WITH PREJUDICE. In light of the dismissal, the Court DENIES all pending motions AS MOOT.

**I.    BACKGROUND**

On March 9, 2023, Mr. Sanai commenced this action for violation of 42 U.S.C. § 1983 and declaratory and injunctive relief against the Justices of the California Supreme Court. ECF No. 1 at 2-3. Following the Clerk's entry of default, ECF No. 20, on July 10, 2023, Mr. Sanai filed an amended ex parte motion for entry of default judgment and an ex parte motion for leave to file an overlength motion for default judgment. ECF Nos. 32, 33. On July 11, 2023, Mr. Sanai filed an emergency ex parte motion for temporary restraining order, declaratory judgment, and preliminary injunction. ECF No. 34.

//

//

Mr. Sanai seeks a declaratory judgment that:

a. under *Bracy*,[1] Sanai and anyone similarly situated to him has the right to obtain documentary evidence and conduct depositions and have testify at trial members of the judicial branch regarding bias;
b. the California Supreme Court's holding in *Guerra*,[2] [] is unconstitutional and that the rulings and actions of a state court tribunal on their own may be used to prove actual bias or bias under the federal standard;
c. the State Bar Court Rules of Procedure are unconstitutional in that they do not provide for constitutionally adequate discovery and rights to call witnesses;
d. the California Supreme Court's authority barring discovery against appellate justices and filing recusal motions is unconstitutional and no further proceedings may be conducted at the appellate level until such rights are acknowledged and codified by rule; and
e. the prosecution of Sanai [by the Office of Chief Trial Counsel] was unconstitutional under *Bracy*.

ECF No. 1 at 22-23, 24, 26-28.

Mr. Sanai also seeks a temporary restraining order, preliminary injunction, and permanent injunction ordering that:

a. all disciplinary proceedings against Sanai are enjoined;[3]
b. the trial may only be re-opened in front of a new State Bar Court judge with Sanai entitled to have full discovery and witnesses that would be available in a civil trial, criminal trial, or both;
c. that the California Supreme Court's *Guerra* decision is unconstitutional and that a state court jurist[']s statements and rulings may be entered as proof of bias; and
d. that the California Supreme Court's authority barring discovery against appellate justices and filing recusal motions is unconstitutional and no further proceedings may be conducted at the appellate level until such rights are acknowledged and codified by rule.

*Id.* at 23, 25-26.

---

[1] *Bracy v. Gramely*, 520 U.S. 899 (1997).

[2] *People v. Guerra*, 37 Cal. 4th 1067 (2006).

[3] Specifically, Mr. Sanai seeks to enjoin further disciplinary proceedings against him "until the facts necessary to determine the nature and scope of bias under *Bracy* that applies to him and persons not related to Thomas Girardi, his firm, and his colleagues in other firms who continue to enjoy the fruits of his corruption of the State Bar and California Supreme Court." ECF No. 1 at 25.

## II. DISCUSSION

*Younger* abstention mandates dismissal of Mr. Sanai's claims, which challenge ongoing state bar disciplinary proceedings as unconstitutional. *See Younger v. Harris*, 401 U.S. 37, 40-41 (1971). "Absent 'extraordinary circumstances', abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of the Supreme Court of the State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

Each element is met here. The state bar disciplinary proceedings pending at the time Mr. Sanai commenced this action, *see* ECF No. 1 at 17, satisfy the first element. *See Hirsh*, 67 F.3d at 712 (applying *Younger* abstention where appellants faced ongoing disciplinary proceedings at the time of filing suit in federal court). The second element is satisfied because "California's attorney disciplinary proceedings implicate important state interests." *See id.* at 712-13 (citing *Middlesex*, 457 U.S. at 434). The third element is likewise met: "the California Supreme Court's rules relating to Bar Court decisions provide for an adequate opportunity for a plaintiff to present federal constitutional claims." *See Robertson v. Honn*, No. 17-CV-01724-JD, 2018 WL 2010988, at *2 (N.D. Cal. Apr. 30, 2018), *aff'd,* 781 F. App'x 640 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 948 (2020). "Refusing to abstain would require presuming that the California Supreme Court will not adequately safeguard federal constitutional rights, a presumption the U.S. Supreme Court rejected in *Middlesex*." *Hirsh*, 67 F.3d at 713 (citing *Middlesex*, 457 U.S. at 431).

Though there are exceptions to *Younger* abstention, they do not compel a different result here. "If state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist, the district court may exercise jurisdiction even when the criteria for *Younger* abstention are met." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) (citations omitted). In an unsuccessful attempt to invoke the bias exception, Mr. Sanai alleges:

> Sanai has a due process right to an impartial tribunal in the actual constitutional sense, and, under *Bracy*, the right to obtain information relevant to that issue. The State Bar Court and the

3

> California Supreme Court have denied Sanai the right to obtain such information as to both the State Bar Court and the California Supreme Court. This denial violates Sanai's right to due process. Because this is an issue that relates to question of whether the California Supreme Court is biased in the constitutional sense, *Younger* abstention does not apply. *Gibson v. Berryhill* (1973) 411 U.S. 564. Perhaps more important, there is no *Younger* abstention because the defendants have explicitly contended, and the state courts have ruled, that Sanai has no right to obtain evidence necessary to show constitutional bias under *Bracy*. *See Middlesex County Ethics Comm. v. Garden State Bar Assn* (1982) 457 U.S. 423, 432 (1982) [*sic*]. There are no state court procedures available to Sanai to vindicate his constitutional arguments, because he is not allowed the evidence in his file or to obtain discovery against the judicial branch.

ECF No. 1 at 20-21.

To make a showing of bias, Mr. Sanai "must overcome a presumption of honesty and integrity in those serving as adjudicators," with "evidence." *Hirsh*, 67 F.3d at 713-14 (citations and internal quotations omitted). Mr. Sanai has proffered only mere conjecture, not evidence, of alleged bias. This falls short of the required showing. *See Robertson*, 2018 WL 2010988, at *2. Mr. Sanai's complaint that there is no procedural mechanism to seek recusal of presiding justices, *see* ECF No. 1 at 21, does not relieve him of his burden of proof. "The absence of a mandatory statutory recusal mechanism applicable to justices of the California Supreme Court does not make a showing of bias unnecessary." *See Hirsh*, 67 F.3d at 714.

Mr. Sanai's allegations that *Younger* abstention doesn't apply because "these proceedings follow a pattern of bad faith harassment," *see* ECF No. 1 at 21, fare no better. "In the *Younger* abstention context, bad faith 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *Baffert*, 332 F.3d at 621 (quoting *Kugler v. Helfant,* 421 U.S. 117, 126 n.6 (1975)). Mr. Sanai's state bar attorney profile shows that he is ineligible to practice law. The docket from the review of that disciplinary action by the California Supreme Court, *Sanai on Discipline*, No. S276140, shows that the matter has culminated in revocation of Mr. Sanai's eligibility to practice law in California.[4] Those proceedings "provide[] attorneys subject to discipline with more than constitutionally sufficient

---

[4] Pursuant to Fed. R. Evid. 201(c)(1), the Court takes judicial notice of Mr. Sanai's state bar online attorney profile and the docket in S276140.

procedural due process." *Rosenthal v. Justices. of the Supreme Court of Cal.*, 910 F.2d 561, 565 (9th Cir. 1990). Against this backdrop, Mr. Sanai has proffered nothing but mere speculation and conclusions in support of his claims of bad faith. This is not enough.

Finding no exception to *Younger* abstention, the Court must dismiss this action. *See Everett v. Justices of Cal. Supreme Court*, No. 20-cv-03504-EMC, 2020 WL 7389420, at *2 (N.D. Cal. July 7, 2020), *appeal dismissed as frivolous*, 2021 WL 6424652 (9th Cir. 2021), *cert. denied* 142 S. Ct. 1238 (2022). Because further amendment would be futile, the dismissal is with prejudice. *See Fahy v. Justices of Supreme Court of Cal.*, No. C 08-02496 CW, 2008 WL 4615476, at *5 (N.D. Cal. Oct. 17, 2008) (dismissing action with prejudice where "an amendment to the current complaint to allege a general constitutional challenge to the disciplinary and IOLTA regulations of the State Bar would be futile").

## IV. CONCLUSION

For the reasons set forth above, the Court DISMISSES this case WITH PREJUDICE. All pending motions are DENIED AS MOOT. The Clerk shall enter Judgment against Plaintiff and close the file.

**IT IS SO ORDERED.**

Dated: July 31, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**